IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH, et al.,

        Plaintiffs,              No. CIV 2:07-cv-00486-ALA P

      vs.

D.K. SISTO, et. al.,

        Defendants.          <u>ORDER</u>

_____/

    Khalifah E.D. Saif'ullah, Larry Hamza Din Galbert, Tasnim Abul Rasheed Sandifer, Abul Hasan Grim, Abdul Hassan Halfin, Kolfani Smith, Shabah Harry Cooks, Hamza Patrick Scott, and Lemont Williams ("Plaintiffs") are state prisoners proceeding pro se.  Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 and have filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, this Court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept [Plaintiffs'] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court

1

1

2    may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

3    that could be proved consistent with the allegations." *Id.*

4        "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

5    complained of was committed by a person acting under color of state law; and (2) that the

6    conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*,

7    466 F.3d 676, 689 (9th Cr. 2006).  This Court will examine each of Plaintiffs' claims to

8    determine if they are sufficient under § 1915(A)(b).

9                                            **I**

10       Plaintiffs' first set of claims appears to be based on alleged discrimination by prison

11   officials and employees in not allowing them to pray in the dayroom after the last count at 21:30.

12   Complaint at 4-9.  Plaintiffs contend that this violates their rights under the First, Fifth, and

13   Fourteenth Amendments of the United States Constitution and under the Religious Land Use and

14   Institutionalized Persons Act (RLUIPA).

15                                           **A**

16       To establish a violation of the Equal Protection Clause, a prisoner must present evidence

17   of discriminatory intent or purpose.  *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976)

18   (explaining that disparate impact merely has evidentiary value and as a result, absent a "stark"

19   pattern of invidious discrimination, impact is not determinative).  Plaintiffs have not pleaded

20   sufficient facts to allege an invidious discriminatory intent or that the prison's regulation[1] was

21   applied in such a way.

22                                           **B**

23       Plaintiffs also assert that their right to the free exercise of religion guaranteed by the First

24   _____

25       [1] Here, as detailed in Exhibit "D" and "E", the prison has a general policy of closing the
     dayroom to activities after 21:30 due to penological interests involving the safety and security of
26   the institution.  *See* Docket No. 1.

                                            2

1

2   Amendment was violated when they were not allowed to present their final prayer in the

3   dayroom.  However, free exercise rights are "necessarily limited by the fact of incarceration, and

4   may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."

5   *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1997).  Thus, to prevail on a free exercise claim, the

6   prisoner "must show [that] the defendants burdened the practice of his [or her] religion . . . by

7   preventing [the prisoner] from engaging in conduct mandated by his [or her] faith."  *Freeman v.*

8   *Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).  Here, Plaintiffs made no such showing because they

9   were able to perform their evening prayers in their individual dorms by their bed.  Complaint at

10  16.  Also, Plaintiffs have not alleged that the Muslim religion requires that all five daily prayers

11  be conducted in a group setting.  *See* Exhibit "A" ("The Muslim inmates do not need to attend a

12  place of worship to complete these prayers, however, the prayer ritual does have a need for the

13  inmate to stand, bend and kneel in a stationary location.").  Thus, Plaintiffs have not alleged that

14  prison officials substantially burdened their ability to perform their evening prayers.

15                                              **C**

16      Plaintiffs also allege that Defendants' conduct violated RLUIPA.  Section 3(a) of

17  RLUIPA states that "[n]o government shall impose a substantial burden on the religious exercise

18  of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a).  The burden

19  is on the plaintiff "to establish prima facie evidence to support a claim alleging a violation of the

20  Free Exercise Clause or a violation of section 2000cc . . ." 42 U.S.C. § 2000cc-2(b); *see also*,

21  *Sanders v. Ryan*, 484 F. Supp. 2d 1028, 1034 (D. Ariz. 2007) (stating that an inmate "bears the

22  burden of establishing prima facie that [RLUIPA] has been violated and that his religious

23  exercise has been substantially burdened.").  As explained above in discussing the free exercise

24  claim, Plaintiffs were able to pray individually in their cells.  Thus, they have not demonstrated

25  that prison officials substantially burdened one of their religious exercises.

26  //

**D**

Plaintiffs further assert that prison officials violated the Establishment Clause of the First Amendment by depriving them of their final prayer in the dayroom.  The Establishment Clause bans the preference of one religion over another.  *See Lee v. Weisman*, 505 U.S. 577, 587 (1992) ("[A]t a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a state religion or religious faith, or tends to do so.").  Prison officials violate the Establishment Clause if they give special treatment to certain religious groups.  Here, no such special preference has been alleged.  The dayroom is closed to all inmates at 21:15.  Inmates of other religions are not permitted to hold religious services after the 21:30 count.  *See* Exhibit "E."

**E**

Plaintiffs' final claim arising from their inability to pray in the dayroom after hours  is that their Fifth and Fourteenth Amendment procedural due process rights were violated.  The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (explaining that to be constitutionally protected, the asserted individual interests must be encompassed within the Fourteenth Amendment's protection of "life, liberty or property").  Plaintiffs have failed to allege that a protected liberty interest was impeded when prison officials refused to allow them to pray in the dayroom after hours.

Because Plaintiffs' Complaint does not state a cognizable claim for relief for the denial of their final prayer in the dayroom after the last count, it will be dismissed without prejudice against named defendants Fry, Fernandez, Hernandez, Karlson, Deberry, Zuniga, Nastale, and Baggs.

//

//

4

1

2                                          **II**

3          Plaintiffs' second set of claims arises out of the lack of availability of special religious

4    foods (i.e. "Religious Mandated Qur'anic Dietary Food" or Halal Food).  *See* Complaint at 10.

5    Plaintiffs assert in their Complaint that "the present no meat substitute is a vegetarian diet" and

6    "is a violation of Shari's [Islamic Law] for Muslim's to partake in and that Muslim's are

7    prohibited from being vegetarians . . . ." *Id.*  Plaintiffs contend that this violates their rights under

8    the First, Fifth, and Fourteenth Amendments of the United States Constitution and under the

9    RLUIPA.

10                                         **A**

11         Plaintiffs allege that prison officials violated the Equal Protection Clause of the

12   Fourteenth Amendment by serving a vegetarian diet to Muslims.   As explained above, to assert

13   a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory

14   intent or purpose. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976).  Plaintiffs have failed

15   to allege facts that demonstrate that Defendants had a discriminatory intent.

16                                         **B**

17         Plaintiffs' also argue that their free exercise rights guaranteed by the First Amendment

18   have been violated by prison officials offering a vegetarian diet in lieu of a Halal diet.  As stated

19   above, "[i]n order to establish a free exercise violation, [the prisoner] must show the defendants

20   burdened the practice of his [or her] religion . . . by preventing [the prisoner] from engaging in

21   conduct mandated by his [or her] faith." *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).

22   To satisfy these requirements, a plaintiff must allege that the practice is important to the plaintiff

23   and is motivated by his or her sincere religious belief.  *Coronel v. Paul*, 316 F.Supp.2d 868, 879

24   (D. Ariz. 2004) (citing *Thomas v. Review Bd. of the Indiana Employment Sec. Div.*, 450 U.S.

25   707, 715-16 (1981)).  Here, Plaintiffs have adequately alleged that the non-Halal/vegetarian diet

26   directly conflicts with and substantially burdens their own religious belief that Islamic law

                                              5

1
2 requires Muslims to eat meat.

3 **C**

4   Similarly, Plaintiffs further allege that Defendants' violated RLUIPA.  They contend that

5 § 2000cc "Protection of land use as religious exercise" was violated.  They have failed to assert

6 any facts, however, in support of that contention.  Furthermore, Plaintiffs cannot proceed under §

7 2000cc because it is not applicable to institutionalized individuals.  Section 2000cc deals with

8 land use regulation.  *See* 42 U.S.C. § 2000cc.  Plaintiffs have also asserted a violation of  42

9 U.S.C. § 2000cc-1(a) "Protection of religious exercise of institutionalized persons."  A plaintiff's

10 initial burden under § 2000cc-1(a) is to establish a prima facie showing of a substantial burden

11 on his or her religious exercise.  *See* § 2000cc-1(a).  As under the free exercise clause, various

12 activities, whether or not central to an individual's belief system, will qualify as a "religious

13 exercise" within the meaning of RLUIPA.  *See, e.g., Sanders v. Ryan*, 484 F. Supp. 2d 1028,

14 1034-36 (D. Ariz. 2007) (explaining that a "substantial burden" on religious exercise for

15 purposes of RLUIPA must impose a significantly great restriction upon such exercise; however,

16 where the plaintiff conceded that his ability to practice his religion was not altered in any way by

17 repeatedly listening to the same tapes, the plaintiff was found not able to recover under

18 RLUIPA).  Plaintiffs have sufficiently alleged that a religious exercise or belief held by them has

19 been substantially burdened in violation of section 3(a) of RLUIPA.

20 **D**

21   The final claim contained in the Plaintiffs' Complaint alleges a violation of their Fifth

22 and Fourteenth Amendment procedural due process rights in being denied religiously acceptable

23 meat in their diet.  However, this constitutional provision does not seem to be applicable from

24 the facts asserted by the Plaintiffs as the facts go towards establishing their free exercise and

25 RLUIPA claims.  Specifically, this claim fails to satisfy Rule 8 of the Federal Rules of Civil

26 Procedure, which requires a short and plain statement of the claim that will give a defendant fair

1

2   notice of what the claim is and the grounds on which it rests.  *See Conley v. Gibson*, 355 U.S. 41,

3   47 (1957); *see also*, FED. R. CIV. P. 8(a)(2) (stating "[a] pleading . . . shall contain . . . a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . .").  Plaintiffs'

5   Complaint fails to set forth any facts to give sufficient notice to the defendant as to the basis of

6   the alleged due process violation.

7        Plaintiffs will be granted leave to proceed on their claims that some of the Defendants

8   violated their free exercise rights and RLUIPA by forcing the Plaintiffs to maintain a vegetarian

9   diet while also depriving them of religiously acceptable meats.[2]  At this stage in the proceedings,

10  it cannot be said with certainty that Plaintiffs might not adduce evidence in support of these

11  claims.

12       Consequently, Plaintiffs will be given leave to proceed against Defendants Sisto and

13  Stiles for denying their appeals to provide Halal food.  Plaintiffs will also be given leave to

14  proceed against Defendants Ward, Alacade, Fandler and Nasir who, based on the allegations in

15  the Complaint, acted to prevent Plaintiffs from receiving Kosher foods[3] even though their

16  application for the Kosher special religious diet had been granted.  Complaint at 12-13.  If that

17  allegation is proved, Plaintiffs have a reasonable opportunity to prevail against defendants Ward,

18  Alacade, Fandler and Nasir on the merits of this claim.

19                                          **III**

20       Plaintiffs will not be granted leave to proceed against the California Department of

21  Corrections and Rehabilitation.  The Eleventh Amendment bars suits against state agencies as

22  well as those where the state itself is named as a defendant.  *See Lucas v. Dep't of Corr.*, 66 F.3d

23  ────────────────

24  [2]Plaintiffs are provided Halal meat on the two major Muslim holidays.  *See* Exhibit "G".
    The vegetarian alternative also appears to occasionally include fish.  *See* Exhibit "I".

25  [3] It appears from the Complaint and exhibits that Plaintiffs would accept some of the
    Kosher foods provided to Jewish inmates as those foods comply with the Muslim religion
26  requirements and are allegedly even labeled "Halal food".  *See* Complaint at 10 and Exhibit "G".

7

1

2   245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to

3   immunity); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada

4   Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

5   Accordingly, this Court must dismiss the California Department of Corrections and

6   Rehabilitation as a defendant in this action.

7        This Court will issue a separate order on the merits of the in forma pauperis application

8   under 28 U.S.C. § 1915.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10       1.  Plaintiffs' Complaint is DISMISSED without prejudice as to Defendants Fry,

11  Fernandez, Hernandez, Karlson, Deberry, Zuniga, Nastale, and Baggs.

12       2.  Plaintiffs' Complaint is DISMISSED with prejudice as to the California Department

13  of Corrections and Rehabilitation.

14

15       DATED: September 5, 2007

16

17                                    /s/ Arthur L. Alarcón
                                      UNITED STATES CIRCUIT JUDGE
18                                    Sitting by Designation

19

20

21

22

23

24

25

26