IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

     Plaintiff,                        Case No. 2:07-cv-00486 ALA (P)

    vs.

D.K. SISTO, et. al.,

     Defendants.                   <u>ORDER</u>

        Plaintiff Khalifah E.D. Saif'ullah is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

I

        Presently before this Court is Defendants' Motion to Dismiss, filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. 16). In support of the Motion to Dismiss, Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint as regards to claims that involve the denial of Kosher/Halal food in January 2007. *See* 42 U.S.C. § 1997e(a). In response, Plaintiff concedes that he did not exhaust his administrative remedies as to the events that occurred in January 2007, but asserts that he did exhaust his administrative remedies as to his claims that Defendants allegedly subjected him to religious discrimination. (Doc. 20). Plaintiff requested that this Court stay the proceedings to

1

consider the additional Complaint filed with his Opposition. (Doc. 20). Plaintiff also filed evidence that he exhausted the unexhausted claims presented in his initial Complaint. (Doc. 20). For purposes of this Order, the Court deems Plaintiff's "proposed" Complaint, an Amended Complaint.

## II

The issue before this Court is whether Plaintiff's Complaint should be dismissed for not exhausting all the claims presented in his initial Complaint as per the Prisoner Litigation Reform Act.

Plaintiff's initial Complaint presented claims that were exhausted and unexhausted. In *Lira v. Herrera*, 427 F.3d 1164, 1174 (9th Cir. 2005), the Ninth Circuit rejected the total exhaustion-dismissal rule in the context of prisoner civil rights action. The *Lira* Court set forth the proper course a district court should follow when presented with a mixed complaint that include exhausted and unexhausted claims that are "closely related and difficult to untangle." *Lira*, 427 F.3d at 1176. The *Lira* Court held that under such circumstances, "dismissal of the defective complaint with leave to amend to allege only fully exhausted claims [] is the proper approach." *Id*. at 1176.

At the time Plaintiff filed his initial Complaint (Doc. 1), Plaintiff did not exhaust his administrative remedies as to the alleged events that occurred in January 2007. This Court, however, does not find a dismissal of Plaintiff's Complaint warranted because the record makes plain that Plaintiff exhausted his administrative remedies as to the issue of being denied a Muslim Diet and being subjected to religious discrimination. (Doc. 1). The crux of Plaintiff's Complaint is analogous to the grievances he presented throughout the administrative process. In conjunction with his Complaint, Plaintiff filed evidence that he completed the grievance process before seeking relief with this Court, in conformity with the Prisoner Litigation Reform Act and California Regulations. *See* 42 U.S.C. § 1997e(a); Cal. Code Regs. Tit. 15 § 3084.1(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is DENIED;

2. Plaintiff's request to stay the proceedings is DENIED; and

3. Plaintiff's Amended Complaint (Doc. 20), is deemed the operative Complaint.

/////

DATED: June 4, 2008

                                                      /s/ Arthur L. Alarcón  
                                                      UNITED STATES CIRCUIT JUDGE  
                                                      Sitting by Designation